# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

2004 JAN 26 P 12:46

U.S. DISTRICT COURT
DISTRICT OF MASS

|  |  |
|---|---|
| IGNACIO DIOGENES ARIAS,<br>Petitioner,<br><br>v.<br><br>JOHN ASHCROFT, Attorney General;<br>TOM RIDGE, Secretary, DEPARTMENT<br>OF HOMELAND SECURITY; MICHAEL J.<br>GARCIA, Acting Secretary, BRUCE<br>CHADBOURNE, Interim Field Office Director,<br>Boston District, BUREAU OF IMMIGRATION<br>AND CUSTOMS ENFORCEMENT; and<br>THOMAS HODGSON, Sheriff, Bristol County<br>House of Corrections,<br><br>Respondents | 4  10171  NG<br><br>NO._____<br><br>PETITION FOR WRIT OF<br>HABEAS CORPUS, and<br>COMPLAINT FOR<br>DECLARATORY AND<br>INJUNCTIVE RELIEF |

Petitioner, Ignacio Diogenes Arias ("Arias"), hereby petitions this Court for a writ of habeas corpus to review the lawfulness of his final order of deportation. He respectfully alleges, by his undersigned attorney, as follows:

## JURISDICTION

1. This action arises under the Constitution, the Immigration and Nationality Act ("INA"), 8 U.S.C. §1101 et seq., and the Administrative Procedures Act ("APA"), 5 U.S.C. §701 et seq.. This Court has habeas corpus subject matter jurisdiction pursuant to 28 U.S.C. §

2241 et seq., see INS v. St. Cyr, 533 U.S. 289 (2001); Art. 1, §9, Cl. 2 of the U.S. Constitution ("Suspension Clause"); and the Common Law. This Court may also exercise jurisdiction pursuant to 28 U.S.C. §1361 (mandamus jurisdiction), and 28 U.S.C. §1331, and may grant relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201 et seq., and the All Writs Act, 28 U.S.C. §1651.

## VENUE

2.  Venue lies in the United States District Court for the District of Massachusetts, the judicial district where the (former) Immigration and Naturalization Service ("INS") previously issued his Order To Show Cause ("OSC"), thereby initiating his deportation proceedings, and where he is currently detained at the Bristol County House of Corrections.

## PARTIES

3.  Mr. Arias is a 47 year old native and citizen of the Dominican Republic who entered the United States as an immigrant in 1977. On August 30, 1996, an Immigration Judge ("IJ") ordered Mr. Arias deported, and his application for a §212(c) waiver of deportation was pretermitted. On October 10, 2002, Mr. Arias filed a motion to reopen his case to apply for §212(c) relief, based upon the decision of the United States Supreme Court in INS v. St. Cyr, 533 U.S. 289 (2001). The IJ denied the motion as untimely. On December 12, 2003, the Board of Immigration Appeals ("BIA") denied his appeal. Mr. Arias is now subject to immediate deportation by Respondents.

4.  Respondent John Ashcroft is sued in his official capacity as the Attorney General of the United States. In this capacity he has responsibility for the administration of the immigration laws pursuant to 8 U.S.C. §1103, is a legal custodian of Mr. Arias and is empowered to carry out the deportation order against Mr. Arias.

5. Tom Ridge is sued in his official capacity as Secretary of the Department of Homeland Security ("DHS"). Secretary Ridge and DHS are responsible, through the Directorate of Border and Transportation Security ("DBTS"), for the enforcement of the immigration laws, are legal custodians of Mr. Arias, and are empowered to carry out the deportation order against Mr. Arias.

6. Respondent Michael J. Garcia is sued in his official capacity as Acting Secretary of the Bureau of Immigration and Customs Enforcement ("BICE"). Respondent Bruce Chadbourne is sued in his official capacity as Interim Field Officer Director of the BICE. Mr. Garcia, Mr. Chadbourne, and BICE are responsible for the enforcement of the immigration laws, are legal custodians of Mr. Arias, and are empowered to carry out the deportation order against Mr. Arias.

7. Respondent Thomas Hodgson is Sheriff of Bristol County, and in his official capacity has day-to-day control of the Bristol County House of Corrections, and is the immediate custodian of Mr. Arias.

## FACTS

8. Mr. Arias entered the United States as a Legal Permanent Resident on October 30, 1977. On July 1, 1987, he was convicted of "Frequenting a Narcotics Nuisance" in Rhode Island Superior Court, and received a three year suspended sentence.

9. Mr. Arias was placed into deportation proceedings through the issuance of an "Order to Show Cause" (OSC) dated July 19, 1990. At a deportation hearing on July 31, 1996, the Immigration Judge ("IJ") found Mr. Arias deportable as an alien convicted of a controlled substance offense, pursuant to Immigration and Nationality Act ("INA") §241(a)(11). His application for a §212(c) waiver was pretermitted, based upon the administrative decision in

Matter of Soriano, 21 I&N Dec. 516 (BIA 1996, AG 1997).

10. On June 25, 2001, the United States Supreme Court decided INS v. St. Cyr, 533 U.S. 289 (2002), which overruled Soriano and held that the relief-eliminating provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA) could not be applied to any alien, like Mr. Arias, whose criminal plea predated the enactment of the statute. On the basis of the Supreme Court's decision in St. Cyr, on October 10, 2003, Mr. Arias filed a "Motion To The Immigration Court To Exercise Sua Sponte Authority To Reopen Proceedings For 212(c) Relief." The IJ denied the motion as untimely.

11. Mr. Arias timely filed an appeal to the Board of Immigration Appeals ("BIA" or "Board"). On December 12, 2003, the Board dismissed his appeal. The BIA reasoned that Mr. Arias' failure to file a motion to reopen within the time limitation set forth in 8 CFR §1003.44 now deprived him of his opportunity to reopen his case. That regulation was promulgated prior to the St. Cyr decision, and reflected a policy change by the Attorney General (as a result of the large majority of United States District Court decisions rejecting the Soriano decision) to permit certain individuals who were in deportation proceedings prior to AEDPA's enactment to reopen their cases to apply for §212(c) relief. The Board ruled that since Mr. Arias did not avail himself of this provision, the subsequent Supreme Court holding in St. Cyr would somehow not apply to his case.

## JURISDICTIONAL BASES FOR HABEAS CORPUS REVIEW

12. The statutory basis for this Court's habeas jurisdiction to review Mr. Arias' final order of deportation is 28 U.S.C. §2241, the general grant of habeas jurisdiction bestowed on the federal district courts. See INS v. St. Cyr, 533 U.S. 289 (2001). This Court may also exercise jurisdiction pursuant to 28 U.S.C. §1331, and mandamus jurisdiction pursuant to 28 U.S.C.

§1361. Mr. Arias is also entitled to review of his final order of deportation as a matter of constitutional right (and under the Common Law). The Writ of Habeas Corpus is guaranteed by the Constitution and cannot be suspended except where "in Cases of Rebellion or Invasion the Public Safety may require it." U.S. Constitution, Art. 1, § 9, Cl. 2 ( Suspension Clause).

## EXHAUSTION

13. Mr. Arias has exhausted all available administrative remedies.

14. No prior petition for writ of habeas corpus has been made by Mr. Arias.

15. No court has previously addressed the merits of Mr. Arias' case.

## COUNT I

### (Due Process Violation)

16. The Board's denial of the motion to reopen violates due process. In effect, the Board's determination that Mr. Arias' failure to attempt to reopen his case pursuant to 8 CFR §1003.44 thereby renders him ineligible for the benefit of the St. Cyr decision elevates an administrative regulation to a higher legal status than a decision of the United States Supreme Court. Such a ruling is preposterous, and violates the Due Process Clause of the United States Constitution.

## COUNT II

### (Equal Protection Violation)

17. The Board's determination that Mr. Arias may not benefit from the St. Cyr decision, as well as its affirmance of the refusal of the IJ to reopen the deportation proceedings pursuant to his sua sponte authority under 8 CFR §1003.23(b), constitute a violation of the

Equal Protection Clause of the United States Constitution. Mr. Arias stands similarly situated to hundreds of other aliens who were deprived of their right to seek a §212(c) waiver because of the erroneous decision of the Attorney General in Soriano, and are now eligible to reopen their cases on the authority of St. Cyr.

## PRAYER FOR RELIEF

**WHEREFORE**, Petitioner respectfully prays this Court to:

a. Assume jurisdiction over this matter;

b. Declare Mr. Arias' order of deportation as contrary to law;

c. Issue a writ of habeas corpus and permanent injunction directed at Respondents to vacate Mr. Arias' final order of deportation as contrary to law and remand this matter to the Immigration Court to allow Petitioner an opportunity to have his §212(c) application adjudicated on the merits;

d. Award reasonable costs and attorney's fees; and

e. Grant such further relief as the Court deems just and proper.

Respectfully Submitted,
Ignacio Diogenes Arias
By His Attorney,

Randy Olen, Esq.
55 Bradford Street, Suite 203
Providence, Rhode Island 02903
(401)274-1400
(401)274-2480 (fax)

## **CERTIFICATION**

I hereby certify that on the 25th day of January, 2004 I sent a true copy of the within ***Petition for Writ of Habeas Corpus*** to:

    John Ashcroft, United States Attorney General, United States Department of Justice, Civil Division, Office of Immigration Litigation, P.O. Box 878, Ben Franklin Station, Washington, D.C., 20044;

    Tom Ridge, Secretary, United States Department of Homeland Security, Washington, D.C. 20528;

    Department of Homeland Security, District Counsel, JFK Federal Building, Room 425, Government Center, Boston, MA 02203;

    Michael J. Garcia, Assistant Secretary, United States Department of Homeland Security, Bureau of Immigration and Customs Enforcement, Washington, D.C. 20528;

    Bruce Chadbourne, Interim Field Office Director, BICE, JFK Federal Building, 17th Floor, Boston, MA 02203.

    Thomas Hodgson, Sheriff, Bristol County House of Corrections, 400 Faunce Corner Road, North Dartmouth, MA 02747.

_____