UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

IGNACIO DIOGENES ARIAS,            )
                                   )
          Petitioner               )
                                   )
     v.                            )        Civil Action No.
                                   )        04cv10171-NG
THOMAS HODGSON,                    )
                                   )
          Respondent               )
                                   )

RESPONDENT'S RETURN AND MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS WITHOUT PREJUDICE

## SUMMARY STATEMENT OF CASE

Respondent[1] files the instant return and memorandum in
support of dismissal of the instant petition without prejudice to

---

[1] The Immigration and Naturalization Service of the United States
Department of Justice was "abolished" by section 471 of the
Homeland Security Act of 2002, Pub. L. 107-296, tit. IV, subtits.
D, E, F, 116 Stat. 2135, 2192 (Nov. 25, 2002) ("HSA"). Most of
the interior enforcement functions of the former INS were
transferred to the Department of Homeland Security ("DHS"),
Directorate of Border and Transportation Security, Bureau of
Immigration and Customs Enforcement. In addition, HSA section
1512(d) provides that "[r]eferences relating to an agency that is
transferred to the Department in statutes, executive orders,
rules, regulations, directives, or delegations of authority that
precede such transfer or the effective date of this act shall be
deemed to refer, as appropriate, to the Department, to its
officers, employees, or agents, or to its corresponding
organizational units or functions." It is understood at present
that the responsive successor official of the Bureau of
Immigration and Customs Enforcement ("ICE"), Department of
Homeland Security, in the instant action is Interim Field Office
Director Bruce Chadbourne, of the ICE in Boston, Massachusetts.

re-filing[2] should an administrative order of removal be entered in petitioner's case.

An administrative review of petitioner's case has recently revealed that petitioner had departed then re-entered United States in 1999, subsequent to the issuance of petitioner's deportation order on July 31, 1996.  Petitioner's departure therefore effected the deportation of petitioner. 8 U.S.C. § 1101(g) ("any alien ordered deported or removed (whether before or after the enactment of this Act) who has left the United States, shall be considered to have been deported or removed in pursuance of law, irrespective of the source from which the expenses of his transportation were defrayed or of the place to which he departed.").

Once an alien has departed the United States, his deportation order[3] may not be reviewed. Former 8 U.S.C. § 1105a(c)(1995).[4] Petitioner challenges the Board of Immigration

---

[2] Respondent does not concede any jurisdictional issues in connection with such a filing, but only that the dismissal of the instant action would not itself be a bar.
[3] That is, an order entered in deportation proceedings commenced before April 1, 1997.  Proceedings commenced on or after April 1, 1997 are removal proceedings, and statutorily prescribed and properly perfected judicial review of a removal order may survive execution of the removal order.  See generally 8 U.S.C. §§ 1252 et seq.
[4]

"An order of deportation or of exclusion shall not be reviewed by any court if the alien has not exhausted the administrative remedies available as of right under the immigration laws and regulations *or if he has departed from the United States after the issuance of*

Appeals ("BIA") dismissal of his appeal from the Immigration Judge's denial of his motion to reopen the 1996 deportation order, which is unreviewable.  It does not appear that petitioner disclosed to the Immigration Judge or "BIA" the fact that he departed from the United States subsequent to the entry of his 1996 deportation order.  Had he done so, it would have been self-evident that his motion to reopen was barred by operation of 8 C.F.R. § 1003.23(b)(1) (a motion to reopen or reconsider "shall not be made by or on behalf of a person who is the subject of removal, deportation, or exclusion proceedings subsequent to his or her departure from the United States.").

Petitioner also failed to appeal his 1996 removal order to the BIA, failing to exhaust his administrative remedies.  Another provision of former 8 U.S.C. § 1105a(c)(1995)[5] bars review of the 1996 deportation order upon this basis as well.

---

*the order.* Every petition for review or for habeas corpus shall state whether the validity of the order has been upheld in any prior judicial proceeding, and, if so, the nature and date thereof, and the court in which such proceeding took place. No petition for review or for habeas corpus shall be entertained if the validity of the order has been previously determined in any civil or criminal proceeding, unless the petition presents grounds which the court finds could not have been presented in such prior proceeding, or the court finds that the remedy provided by such prior proceeding was inadequate or ineffective to test the validity of the order."

[5] 8 U.S.C. § 1105a(c)(1995) (emphasis added).

3

Petitioner is now in administrative removal proceedings based upon his re-entry to the United States in 1999 using a false United States passport. Attachment A.  See generally 8 U.S.C. § 1229a (providing for administrative removal proceedings).  His case will be tried before an Immigration Judge ("IJ"), and petitioner may put such arguments as are made on petition -- and any others -- before the Immigration Court.  The order of the IJ in removal proceedings may be appealed to the Board of Immigration Appeals by either party.  Should proceedings result in an administratively final order of removal against petitioner, he may then seek such review of that order in the federal courts as is available. Petitioner may also seek a discretionary custody hearing before the IJ.

---

"An order of deportation or of exclusion shall not be reviewed by any court *if the alien has not exhausted the administrative remedies available as of right under the immigration laws and regulations* or if he has departed from the United States after the issuance of the order. Every petition for review or for habeas corpus shall state whether the validity of the order has been upheld in any prior judicial proceeding, and, if so, the nature and date thereof, and the court in which such proceeding took place. No petition for review or for habeas corpus shall be entertained if the validity of the order has been previously determined in any civil or criminal proceeding, unless the petition presents grounds which the court finds could not have been presented in such prior proceeding, or the court finds that the remedy provided by such prior proceeding was inadequate or ineffective to test the validity of the order."

8 U.S.C. § 1105a(c)(1995) (emphasis added).

4

Accordingly, because the petitioner is now in ongoing administrative removal proceedings, and because he departed the United States subsequent to the entry of his previous deportation order which he failed to appeal to the BIA, the Court lacks subject matter jurisdiction over the claims raised on petition. Therefore, the case should be dismissed without prejudice to re-filing of any otherwise cognizable petition should petitioner's present administrative proceedings ever result in an order of removal.

## CASE BACKGROUND AND FACTS

Petitioner is a native and citizen of the Dominican Republic who was admitted the United States as an alien lawfully admitted for permanent residence on October 30, 1977. Petitioner was convicted of a controlled substance related offense on July 1, 1987, in Providence Superior Court, Providence, Rhode Island, and was placed into deportation proceedings by the former Immigration and Naturalization Service ("INS") by administrative Order to Show Cause dated July 19, 1990, alleging petitioner's deportability under former 8 U.S.C. § 1251(a)(11) as an alien convicted of a violation of a law relating to a controlled substance. Petitioner was ordered deported by an Immigration Judge's order dated August 30, 1996. Petitioner failed to pursue any administrative appeal of the deportation order to the Board

5

expenses of his transportation were defrayed or of the place to which he departed.").

Once an alien has departed the United States, his deportation order[7] may not be reviewed. Former 8 U.S.C. § 1105a(c)(1995);[8] Baez v. INS, 41 F.3d 19, 20 (1st Cir. 1994), cert. denied 115 S. Ct. 2608 (1995) ("We conclude that the statute's [8 U.S.C. § 1105a(c)] plain meaning must prevail, and, therefore, an alien's departure from the United States, whether voluntary or involuntary, deprives the federal courts of jurisdiction to entertain challenges to an antecedent order of

---

[7] That is, an order entered in deportation proceedings commenced before April 1, 1997. Proceedings commenced on or after April 1, 1997 are removal proceedings, and statutorily prescribed and properly perfected judicial review of a removal order may survive execution of the removal order. See generally 8 U.S.C. §§ 1252 et seq.

[8]

"An order of deportation or of exclusion shall not be reviewed by any court if the alien has not exhausted the administrative remedies available as of right under the immigration laws and regulations or if he has departed from the United States after the issuance of the order. Every petition for review or for habeas corpus shall state whether the validity of the order has been upheld in any prior judicial proceeding, and, if so, the nature and date thereof, and the court in which such proceeding took place. No petition for review or for habeas corpus shall be entertained if the validity of the order has been previously determined in any civil or criminal proceeding, unless the petition presents grounds which the court finds could not have been presented in such prior proceeding, or the court finds that the remedy provided by such prior proceeding was inadequate or ineffective to test the validity of the order."

8 U.S.C. § 1105a(c)(1995) (emphasis added).

deportation."). Accordingly, the Court lacks subject matter jurisdiction to review petitioner's 1996 deportation order because he departed the United States subsequent to the entry of that order.

II. PETITIONER'S 1996 DEPORTATION ORDER IS UNREVIEWABLE, UNDER FORMER 8 U.S.C.§ 1105a(c) BECAUSE PETITIONER FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES IN APPEALING THAT ORDER TO THE BIA.

Nor did petitioner ever exhaust available administrative review of his July 31, 1996, deportation order by timely appeal of it to the BIA. Claims not raised and exhausted administratively are now barred by another provision of former section 106(c) INA, former 8 U.S.C. § 1105a(c) ("[a]n order of deportation or exclusion shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations"). See Sousa v. INS, 226 F.3d 28, 31 (1st Cir. 2000)("most circuits, including this one, have described section 106(c) as a jurisdictional bar where an issue sought to be raised in court was not raised in the agency.").

Moreover, "[i]ssues not raised before the Board may not be raised for the first time upon judicial review of the Board's decisions." Luis v. INS, 196 F.3d 36, 40 (1st Cir. 1999) (issue not raised to the Board is forfeit); Debab v. INS, 163 F.3d 21, 26 (1st Cir. 1998), quoting Ravindran v. INS, 976 F.2d 754, 761 (1st Cir. 1992) (under predecessor statute, claim not raised

10

administratively is waived); see also  Alvarez-Flores v. INS, 909 F.2d 1, 8 (1st Cir. 1990) ("Since petitioner did not raise the claim before the BIA, however, the doctrine of exhaustion of administrative remedies precludes it here.").

As the First Circuit has said: "This Court has long acknowledged that the doctrine of administrative exhaustion bars issues 'raised for the first time in a petition for review'". Bernal-Vallejo, 195 F.3d 56, 64 (1st Cir. 1999)(citing  Ravindran v. INS, 976 F.2d 754, 761 (1st Cir. 1992)). What is more, the First Circuit has held the statutory exhaustion requirement to be jurisdictional.  See Athehortua-Vanegas v. I.N.S., 876 F.2d 238, 240 (1st Cir. 1989); see also  Vargas v. United States Dept. of Immigration & Naturalization, 831 F.2d 906, 907-08 (9th Cir. 1987);  Tejeda-Mata v. I.N.S., 626 F.2d 721, 726 (9th Cir. 1980), cert. denied,  456 U.S. 994 (1982).

In Sousa v. INS, 226 F.3d 28, 31 (1st Cir. 2000), the First Circuit analyzed the current exhaustion requirement of INA section 242(d), 8 U.S.C. § 1252(d) -- applicable to removal proceedings commenced on or after April 1, 1997, but not to petitioner's 1996 deportation order.  Significantly, in its analysis, the court observed that section 1252(d) merely restates the prior exhaustion statute, former INA section 106(c), and that "most circuits, including this one, have described section 106(c)

11

| Alien's Name | File Number | Date |
|---|---|---|
| Ignacio ARIAS-TEJADA | Case No: PRO0401000010<br>A034 020 090 | February 5, 2004 |

**The Service alleges that you:**

1) You are not a citizen or national of the United States;

2) You are a native of Dominican Republic and a citizen of Dominican Republic;

3) You entered the United States at New York, New York on or about June 24, 1999 by presenting a United States passport in the name of Jose Gomez.

4) On or about June 24, 1999, you falsely represented yourself to be a United States citizen for the following purpose or benefit: admission to the United States.

**On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:**

Section 212(a)(6)(C)(ii) of the Immigration and Nationality Act (Act), as amended, as an alien who falsely represents, or has falsely represented, himself or herself to be a citizen of the United States for a purpose or benefit under the Act (including section 274A) or any other Federal or State law.

212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (Act), as amended, as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under section 211(a) of the Act.

| Signature | Title |
|---|---|
| PAUL STERLING | SUPERVISORY SPECIAL AGENT |

# Notice to Respondent

**Warning: Any statement you make may be used against you in removal proceedings.**

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

---

## Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

Before: _____

_____
(Signature and Title of INS Officer)

_____
(Signature of Respondent)

Date: _____

---

### Certificate of Service

This Notice to Appear was served on the respondent by me on  _2 - 5 - 2004_ , in the following manner and in
(Date)

compliance with section 239(a)(1)(F) of the Act:

[X] in person          [ ] by certified mail, return receipt requested          [ ] by regular mail
[ ] Attached is a credible fear worksheet.
[X] Attached is a list of organizations and attorneys which provide free legal services.

The alien was provided oral notice in the **ENGLISH**_____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____
(Signature of Respondent if Personally Served)

TAHAR AHMED
IMMIGRATION AGENT
_____
(Signature and Title of Officer)

Form I-862 (Rev. 3/22/99)N

**U.S. Department of Justice**
Immigration and Naturalization Service

**Notice of Custody Determination**

Ignacio ARIAS-TEJADA

ICE. DEPORTATION AND REMOVALE
JFK FEDERAL BLDG. ROOM 1775
BOSTON,    02203

Case No: PRO0401000010
File No: A034 020 090

Date: 2-5-2004

Pursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations, I have determined that pending a final determination by the immigration judge in your case, and in the event you are ordered removed from the United States, until you are taken into custody for removal, you shall be:

☒ detained in the custody of this Service.
☐ released under bond in the amount of $_____.
☐ released on your own recognizance.

☒ You may request a review of this determination by an immigration judge.
☐ You may not request a review of this determination by an immigration judge because the Immigration and Nationality Act prohibits your release from custody.

PAUL STERLING                (Signature of authorized officer)

SUPERVISORY SPECIAL AGENT
                                            (Title of authorized officer)

BOSTON, MA
                                            (INS office location)

☐ I do   ☐ do not request a redetermination of this custody decision by an immigration judge.
☐ I acknowledge receipt of this notification.

_____          _____
(Signature of respondent)                                              (Date)

## RESULT OF CUSTODY REDETERMINATION

On _____, custody status/conditions for release were reconsidered by:

☐ Immigration Judge      ☐ District Director      ☐ Board of Immigration Appeals

The results of the redetermination/reconsideration are:
☐ No change - Original determination upheld.          ☐ Release-Order of Recognizance
☐ Detain in custody of this Service.                          ☐ Release-Personal Recognizance
☐ Bond amount reset to _____              ☐ Other: _____

_____
(Signature of officer)

Form I-286 (Rev. 4-1-97)N

## CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to be served upon counsel for petitioner by mail on February 6, 2004.

FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114