UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

IGNACIO DIOGENES ARIAS,                )
                                       )
            Petitioner                 )
                                       )        Civil Action No.
      v.                               )        04cv10171-NG
                                       )
THOMAS HODGSON,                        )
                                       )
            Respondent                 )


RESPONDENT'S REPORT TO COURT OF
PETITIONER'S RELEASE FROM CUSTODY

Respondent[1] now reports to the Court that as a result of a

discretionary custody determination made by the Immigration Judge

in petitioner's ongoing administrative removal proceedings, the

petitioner was on March 16, 2004, released from respondent's

custody upon the posting of a bond. See Attachment A.[2]

                        Respectfully submitted,

                        MICHAEL J. SULLIVAN
                        United States Attorney

      By:      _____
               FRANK CROWLEY
               Special Assistant U.S. Attorney
               Department of Homeland Security
               P.O. Box 8728
               J.F.K. Station
               Boston, MA 02114
               (617) 565-2415

_____

[1] As of a DHS restructuring effective June 9, 2003, the
responsive successor official of the Department of Homeland
Security having control of petitioner's custody in the instant
action is Bruce Chadbourne, Interim Field Director for Detention
and Removal, Bureau of Immigration and Customs Enforcement
("ICE") in Boston, Massachusetts.
[2] As redacted in compliance with Local Rule 5.3.

CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document
to be served upon counsel for petitioner by mail on March 18,
2004.

FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114

ATTACHMENT A

U.S. Department of Justice
Immigration and Naturalization Service

# Immigration Bond

| | |
|---|---|
| Power No. _____ | (Bonded Alien) File No.  A34 020 090 |
| | Bond Receipt No.  BPC-████ |

**A.**  Name of Obligor:    Fiordaliza Then
Street Address of Obligor:        43 Jenkins Street
City, State and Zip Code        Providence, RI 02906
Telephone _____
Name of Agent/Co-Obligor (if any, Surety Bonds only): _____
Address (if different from that of Obligor): _____
Telephone:    (401) 261-6451
Address to use for notice purposes:    ☐ Obligor    ☐ Agent    ☐ Both
If this is executed by a surety company: the rate of premium is: _____ and the amount of premium is:
The name and address of the person who executed a written instrument with the surety company requesting to post bond is

**B.**  Information about alien for whom bond is furnished:  Name:    ARIAS-TEJADA, Ignacio
Current location (i.e., where detained)   Plymouth County House of Corrections
Date and country of birth of alien:    ████1957; DR        Nationality:    DR
Date, port and means of arrival in the United States:    10/30/1989; NYC; IM
Alien to reside at:    43 Jenkins Street; Providence, RI; 02906
Telephone number at alien's residence:    (401) 261-6451

**C.**  In consideration of the facts recited in paragraphs herein numbered    (1)    and captioned
BOND CONDITIONED FOR THE DELIVERY OF AN ALIEN    .    (and in any rider
or riders lettered _____ and captioned _____ ) the above named
obligor and agent acting on its behalf (if any), by subscribing hereto, hereby declares that they are firmly
bound unto the United States in the sum of   Twenty Five Thousand   dollars, (   $25,000.00   )
unless the guarantee of the bond is that the alien shall not become a public charge, the obligor and the agent
acting on its behalf (if any),declare themselves bound in such amount or successive amounts as are prescribed
in paragraph (G-2) herein as liquidated damages and not as penalty, which sum is to be paid to the United States
immediately upon failure to comply with the terms set forth in any such paragraph or rider. The obligor and
agent further agrees that any notice to him/her in connection with this bond may be accomplished by mail,
directed to him/her at the above address. The obligor acknowledges receipt of a copy of the executed bond and
any attached rider or riders specified above.

**D.**  Signed and sealed this    16th    day of   March, 2004
_____ (Month/Year)
(Signature of Obligor)        (Signature of Agent/Co-Obligor (if any))

**E.**  Bond approved and accepted at        Boston, MA    on    03/16/2004
(City and State)        (Day)        Supervisor

**F.**
| | | |
|---|---|---|
| Surety Company _____ | Taxpayer Identification Number _____ | |
| Agent-bonding Company _____ | Taxpayer Identification Number _____ | |
| Obligors-Cash/Treasury Bond    Fiordaliza Then | Taxpayer Identification Number   ███-2229 | |

31 U.S.C. 7701(c)(1) requires each person doing business with a federal government agency to furnish that agency such person's
taxpayer identification number. If is the intent of the INS to use such number for purposes of collecting and reporting information on any
delinquent accounts arising out of such person's relationship with the Government. The obligor, surety or agent must furnish the
Taxpayer Identification Number (TIN) to INS. Failure to furnish TIN will result in a refusal of the bond.

Form I-352 (Rev. 06/23/00)Y

**U.S. Department of Justice**
Immigration and Naturalization Service

# Immigration Bond

(Bonded Alien) File No.  A34 020 090
Bond Receipt No.  BPC

**G.  (1) BOND CONDITIONED FOR THE DELIVERY OF AN ALIEN**    In consideration of the granting of the application of the above alien for release from custody under a warrant of arrest issued by the Attorney General charging that he/she is unlawfully in the United States, provided there is furnished a suitable bond as authorized by section 236 and/or Section 241 of the Immigration and Nationality Act, the obligor hereby furnishes such bond with the following conditions if:  (1) the alien is released from custody and if the obligor shall cause the alien to be produced or to produce himself/herself to an immigration officer or an immigration judge of the United States, as specified in the appearance notice, upon each and every written request until exclusion/deportation/removal proceedings in his/her case are finally terminated; (2) the said alien is accepted by the Immigration and Naturalization Service for detention or deportation/removal; or (3) the bond is otherwise canceled, this obligation shall terminate. If however, the obligor fails to surrender the alien in response to a timely demand while the bond remains in effect the full amount of the bond (see Paragraph C above), becomes due and payable. The obligor further agrees that no order issued by or under the authority of the Attorney General by virtue of which issuance or execution of any order of deportation/removal is or may be deferred, shall be in any manner construed to impair or render void this obligation or any part thereof.

**(2)  BOND THAT ALIEN SHALL NOT BECOME A PUBLIC CHARGE**    In consideration of the granting of the application of the above alien for permission to enter the United States, providing there is furnished a suitable bond that he/she will not become a public charge, the obligor hereby furnishes such bond with the following conditions: if the alien is admitted to the United States and accepts any form of prohibited public assistance that leads to a final determination under either 8 USC 1227 (a)(5); 8CFR 23.10/237.18 that the alien has become a "public charge" or under 8USC 1182(a)(4) that the alien is likely to become a "public charge", the obligor shall pay to the United States or to any State, Territory, county, town municipality or district thereof, which shall have provided such public assistance, supported, any or all charges or expenses arising there from up to the total amount of the bond.  As described in those regulations, the only forms of public assistance that will be considered in making a public charge finding are cash for income maintenance purposes or the government's cost for providing the alien with long-term care in an institution.  In the event that the public authority providing the assistance is not authorized to accept reimbursement, the obligor agrees that he/she will promptly pay the actual expenses to the Immigration and Naturalization Service. If the obligor fails to pay all charges or expenses within 30 days after notice to him/her by the INS that the alien received a form of public assistance that was considered in making a determination that the alien has become or is likely to become a "public charge" under the statutes and regulations referenced in the paragraph, provided that in no event shall the liability of the obligor exceed the total amount of bond, the INS may cease to do business with the obligor or co-obligor.  Any such amounts collected by the Service, which are not turned over to the public authority providing the assistance will be deposited in the Breached Bond Detention fund.  Not withstanding any violation of this bond and any payment made pursuant to the terms thereof, this obligation shall remain in full force and effect as to the remainder of the liability of this obligation until the departure, naturalization or death of the alien.  It is further agreed that suit to enforce any of the conditions of this bond may be instituted by either the United States, or any interested State, Territory, county, town, municipality, or district thereof.

**(3)  BOND CONDITIONED FOR VOLUNTARY DEPARTURE OF AN ALIEN**    In consideration of the granting by the Attorney General of an application of the above alien to depart voluntarily from the United States, provided there is furnished a suitable bond as authorized by section 8USC1229c the obligor hereby furnishes such bond with the following conditions if:  (1) the obligor ensures that the alien departs the United States on or before the dates specified in the order granting voluntary departure, and provides probative documentation of the departure; or (2) the alien is actually accepted by the INS for detention or deportation/removal, this obligation shall terminate.  Otherwise the amount of the bond specified in Paragraph C above shall become due and payable.

---

Mitigation (Applies to Item (G)(1))

An exception to the above occurs when the obligor or surety delivers the bonded alien within varying increment of the 30 calendar day period following the notification of the bond breach.  If the obligor or surety delivers the bonded alien within 10 days of the date of breach, the obligor or surety shall receive a mitigation of 66.67% of the bond principal.  If the obligor delivers the bonded alien within 20 days of the date of the bond breach, the obligor or surety shall receive mitigation of 50% of the bond principal.  If the obligor or surety delivers the bonded alien within 30 days of the bond breach, the obligor or surety shall receive a mitigation of 30% of the bond principal.  If the obligor delivers the bonded alien more than 30 days after the notification of the bond breach, no amount will be mitigated and the full amount of the bond is due from the obligor.  Nothing in this paragraph precludes INS from apprehending the bonded alien during the mitigation period.  If the obligor elects to deliver the bonded alien to mitigate damages, it must give the appropriate Immigration and Naturalization Service office demanding written notice of delivery not less than 72 hours prior to delivering the bonded alien.  The requirement to provide written notice may be waived by the District Director or the District Director's designee in the appropriate circumstances.

Form I-352 (Rev. 06/23/00)Y

**U.S. Department of Justice**
Immigration and Naturalization Service

**Immigration Bond**

(Bonded Alien) File No.   A34 020 090

Bond Receipt No.   BPC █████

**H. PLEDGE AND POWER OF ATTORNEY FOR USE WHEN UNITED STATES BONDS OR NOTES ARE DEPOSITED AS SECURITY**

I hereby pledge the United States Bond/Notes described in the following schedule pledged as security for the performance and fulfillment of the obligations described in paragraph C above in accordance with 6 U.S.C. 15, 31 CFR part 225, and Treasury Department Circular 154. I appoint the Attorney General of the United States as my attorney to collect, sell, assign and transfer said United States Bond or Note. In the case of any default in performance of the conditions herein, my attorney shall have the power to collect without appraisal or valuation notice, and to apply the proceeds to the satisfaction of any damages, demands or deficiencies arising from such default. I waive my right to redeem this security.

| Title of Bonds/Notes | Coupons Attached | Face Value | Interest Rate | Serial NO. | Interest Dates |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

*(Affix seal Here if Required)*

_____
*(Signature of Person Pledging Bonds or Notes)*

**I.    PLEDGE AND POWER OF ATTORNEY FOR USE WHEN CASH IS DEPOSITED AS SECURITY.**

The amount of   ***********T W E N T Y - F I V E - T H O U S A N D*********   (   $25,000.00   )
United States currency as security for the performance and fulfillment of the obligations described in paragraph C above. I appoint the Attorney General of the United States as my attorney to collect, to assign and transfer the said sum of money. I agree that, in case of default in the performance of any of the conditions herein to which I have subscribed, said attorney shall have full power to collect said sum of money or any part thereof or to assign and transfer said sum or any part thereof deemed appropriate by said attorney to the satisfaction of any damages, demands or deficiencies arising by reason of such default. I further empower said attorney, in the event all conditions herein to which I have subscribed have been complied with and the bond is canceled, to deliver the said sum of money plus any interest accrued thereon, to me at my risk and expense by such means as said attorney shall select.

*(Affix seal Here if Required)*

_____
*(Signature of Person Pledging Cash)*

**J.** Before me, within the county/city/parish of   Suffolk   in   Massachusettes
the above name individual personally appeared before me and acknowledge the execution of the foregoing power of attorney, and deposited the security described above. Witness our hands this   16th   day of   March, 2004

_____
*(Signature)*

_____
*(Signature)*

_____
Immigration Enforcement Agent
*(Title)*

_____
Deportation Assistant
*(Title)*

Form I-352 (Rev. 06/23/00)Y

## RECEIPT OF IMMIGRATION OFFICER - UNITED STATES BONDS OR NOTES OR CASH, ACCEPTED AS SECURITY ON IMMIGRATION BOND

| OBLIGOR | | |
|---|---|---|
| 1. Name<br>Fiordaliza Then | 2. Receipt Number<br>BPC ▓▓▓ | |
| Number and Street<br>43 Jenkins Street | 3. City and State<br>Boston, MA | |
| City, State and Zip Code<br>Providence, RI 02906 | 4. Date<br>March 16, 2004 | |

| 5. Name of alien<br><br>ARIAS-TEJADA, Ignacio | 6. A-File<br><br>A34 020 090 | 7. Immigration bond:<br>Date 03/16/2004<br>Type I-352(1) |
|---|---|---|

### 8. UNITED STATES BONDS OR NOTES
(State form of assignment, if registered)

Said United States bonds/notes are assigned

| Title of Bonds/Notes | Coupon or Registered | Total Face Amount | Denomination | Serial No. | Interest Dates |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

(If this space is insufficient for enumeration of bonds/notes, use separate sheet and security affix same hereto)

### 9. CASH (Postal Money Order, Certified Check)

The sum of ***************TWENTY-FIVE THOUSAND*************** dollars($ 25,000.00 ).

In the form of * (1) Bank RI Cashiers Check dated 03/15/004
# ▓▓▓▓

*Description: U.S. Postal Money Order and number: bank and check number: or number and denomination of coin and currency.

### 10. NOTICE TO OBLIGOR

The Immigration and Naturalization Service will deposit accepted United States bonds or notes in a Federal depository for safekeeping; accepted cash will be deposited in the United States Treasury. When all of its conditions have been met, the immigration bond will be canceled, you will be so notified, and you may then recover the accepted security, United States bonds or notes will be returned to you when you surrender this receipt and give your own receipt of Form I-306. If it is impossible for you to call in person for these securities, you may authorize their delivery to you at your risk and expense. Arrangements will be made for the return to you of the cash accepted as security when you surrender this receipt. YOU MUST SURRENDER THE ORIGINAL OF THIS RECEIPT BEFORE THE SECURITY WILL BE RETURNED TO YOU. This receipt is not assignable.

### 11. ACCEPTANCE OF SECURITY

The undersigned hereby acknowledges receipt from above named obligor of the above-described security, deposited at security on above-named immigration bond filed with the undersigned on behalf of the above-named alien.

| Signature of Immigration officer | Title of Immigration officer |
|---|---|
| _(signature)_ | Immigration Enforcement Agent |

Form I-305
(Rev. 5-1-76)

To: Obligor when surrendered by Obligor to Finance, Regional Office