UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IGNACIO DIOGENES ARIAS,  )
         Petitioner  )
           )
           )
    v.  )  Civil Action No.
           )  04 CV 10171-NG
           )
           )
THOMAS HODGSON,  )
         Respondent  )

## PETITIONER'S RESPONSE TO RESPONDENT'S MOTION TO DISMISS AND MOTION TO HOLD PROCEEDINGS IN ABEYANCE

Petitioner hereby submits this response to the Respondent's motion to dismiss this petition for writ of habeas corpus, which incorporates a motion to hold the proceedings in abeyance.

### Jurisdiction

Respondent asserts that this Court lacks jurisdiction to entertain the habeas petition pursuant to INA §106, 8 USC §1105a (c). That provision states, in relevant part, that an order of deportation "shall not be reviewed by any court if the alien... has departed from the United States after the issuance of the order." Courts of Appeal have disagreed as to whether this language presupposes a lawful order of deportation, which would then permit review of those orders of deportation which were defective in some substantive way. In Mendez v. INS, 563 F.2d 956 (9th Cir. 1997), the Ninth Circuit held

that the term "departure" in the context of 8 USC §1105a cannot mean "departure in contravention of procedural due process." Id. at 958. See also Juarez v. INS, 732 F.2d 58, 59-60 (6th Cir. 1984) ("departure" in this context means a legally executed departure that does not violate due process); Camacho-Bordes v. INS, 33 F.3d 26, 28 (8th Cir. 1994) (jurisdiction remains after forcible deportation where record reveals colorable due process violation); Marrero v. INS, 990 F.2d 772 (3rd Cir. 1993) (same). This Circuit has disagreed with these courts generally, holding that §1105a(c) presents a jurisdictional bar to judicial review of a final order of deportation once a departure from the United States has been effected, either voluntarily or involuntarily. See Baez v. INS, 41 F.3d 19 (1st Cir. 1994). Accord Roldan v. Racette, 984 F.2d 85 (3rd Cir. 1993); Quezeda v. INS, 898 F.2d 474 (5th Cir. 1990); Saadi v. INS, 912 F.2d 428 (10th Cir. 1990).

Baez, however, itself held out the possibility of an exception to this general rule which was not relevant to that case, but which is of substantial import here. The Baez decision rested upon its characterization of the issues raised therein as "baseless" and "fribbling", which did not exhibit "the type of extreme unfairness that might warrant overriding the plain language of the statute." 41 F.3d at 25.

In this case, on the other hand, the issue is one which the United States Supreme Court has already decided in Mr. Arias' favor. See INS v. St Cyr, 533 U.S. 289 (2001) (holding that the relief-eliminating provisions of §440 of the Antiterrorism and Effective Death Penalty Act (ADEPA) may not be applied retroactively to any alien, like Mr. Arias, whose disqualifying conviction rested upon a plea which predated the enactment of the statute). Mr. Arias' claim, far from being baseless, has already been validated by the Supreme Court. It would be difficult to imagine a more compelling set of

circumstances supporting an exception to the Baez general rule. This Court therefore retains jurisdiction to entertain this petition.[1]

### Exhaustion

Respondent further contends that this Court lacks jurisdiction as a result of his failure to exhaust his administrative remedy of direct appeal to the Board of Immigration Appeals. For this proposition, Respondent cites Sousa v. INS, 226 F.3d 28 (1st Cir. 2000). But Sousa itself recognizes exceptions even to statutory exhaustion requirements:

> Even where statutes impose an exhaustion requirement the Supreme Court has, despite the rhetoric of jurisdiction, carved out exceptions. The best founded is one suggested by the Supreme Court, and explicitly recognized in this and other circuits, where a resort to the agency would be futile because the challenge is one that the agency has no power to resolve in the applicant's favor.
> 226 F.3d at 32, citing Bernal-Vallejo v. INS, 185 F.3d 56, 64 (1st Cir. 1999);

Ravidran v. INS, 976 F.2d 754 (1st Cir. 1992).

In this case, the BIA decision in Matter of Soriano, 21 I&N Dec. 516 (BIA 1996) was vacated and replaced by the decision of the Attorney General. From the moment that the Attorney General vacated the BIA's decision, any appeal to the BIA would have been futile, as the BIA has no authority to overrule the Attorney General.

Moreover, Petitioner's argument that §440(d) violated the constitutional guarantee of equal protection is an issue which is not cognizable at the BIA, which does

---

[1] The St Cyr decision effectively controls the merits of this habeas petition. Mr. Arias' deportation order was clearly unlawful, as he was erroneously deprived of his right to apply for a §212(c) waiver of deportability. With all respect, the Immigration Judge's denial of the motion to reopen based upon its "untimeliness" is simply ludicrous, given the fact that the St. Cyr decision was not rendered until 2001, five years after the order of deportation issued. The BIA's determination that Mr. Arias somehow forfeited the benefit of St.Cyr because he did not avail himself of an administrative regulation, 8 CFR §1003.44, which would have permitted him to move for reopening to apply for §212(c) relief, is similarly flawed. That regulation was promulgated prior to the St. Cyr decision, and reflected a policy change by the Attorney General (as a result of the large majority of the United States District Court decisions rejecting the Soriano decision) to permit certain individuals who were in deportation proceedings prior to ADEPA's enactment to reopen their cases to apply for §212(c) relief. The Board ruled that since Mr. Arias did not avail himself of this provision, the subsequent Supreme Court holding in St. Cyr would somehow not apply to his case. This conclusion elevates an administrative regulation to a higher legal status than a decision of the United States Supreme Court, and violates equal protection. See Petition for Writ of Habeas Corpus at 5-6.

not have the authority to adjudicate substantive constitutional claims. See Ravindran, 976 F.2d at 762 (BIA is without jurisdiction to adjudicate purely constitutional issues; claims of constitutional error may be exempt from exhaustion where they are of the kind that the BIA could not adjudicate because of their predominantly constitutional character). In addition, Sousa left open the question of whether, "in a case that threatened a miscarriage of justice, we could forgive the failure to raise a clearly meritorious claim." Were it necessary to reach this issue here, given the Supreme Court decision in St. Cyr, the failure to exhaust under these circumstances would be excused.

In any event, any appeal to the BIA would offer no more than an illusory remedy. Exhaustion is therefore not required in this case.

**Motion to Hold Petition in Abeyance Pending Administrative Removal Proceedings**

Mr. Arias has been placed in removal proceedings which are currently ongoing in the Immigration Court in Boston. He has been released on bond, and his next hearing date is currently scheduled for July 22, 2004. Mr. Arias respectfully moves this Court to hold these proceedings in abeyance, pending the resolution of the removal proceedings. It is conceivable that Mr. Arias may obtain complete relief from deportation in those proceedings, eliminating the necessity to litigate this petition. On the other hand, a decision on this petition may be required for purposes of eligibility for relief from deportation. Mr. Arias believes that holding this petition in abeyance will best conserve the resources of the Court, and the parties. Although the Respondent suggests that the petition may be dismissed without prejudice to re-filing at the conclusion of the current

administrative removal proceedings, such dismissal would raise troubling issues of waiver; would deprive this Court of its rightful jurisdiction over the case, and its ability to issue a decision, if necessary, that may be relevant to the pending removal proceedings. Petitioner therefore requests that the proceedings be stayed pending adjudication of the removal proceedings. Counsel suggests that either party may move to adjudicate the petition upon motion, for cause; and that should the Court stay the proceedings, Petitioner will file a status report at the conclusion of the July 22nd Immigration Court hearing. Should the Court deny this motion, Petitioner respectfully requests a hearing on the petition.

> Respectfully Submitted,
> Ignacio Diogenes Arias,
> By His Attorney,
>
> Randy Olen, Esq.
> 55 Bradford Street
> Suite 203
> Providence, RI 02903
> (401) 274-1400
> (401) 274-2480 (fax)

**CERTIFICATION**

I hereby certify that on the 20th day of May, 2004, I delivered a true copy of the within *Motion* to Frank Crowley, Special Assistant U.S. Attorney, Department of Homeland Security, P.O. Box 8728, J.F.K. Station, Boston, MA 02203.